[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12819
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-00482-IPJ-PWG-5


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN JEROME LINDSEY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 25, 2012)

Before MARCUS, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Brian Jerome Lindsey appeals his total 360-month sentence, imposed after he was convicted at trial of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). On appeal, Lindsey argues that: (1) both convictions were supported by insufficient evidence; (2) the imposition of the U.S.S.G. § 2B3.1(b)(4)(B) physical restraint enhancement was not supported by a preponderance of the evidence and impermissibly double counted conduct; (3) his sentence violated the Sixth Amendment because it was enhanced by conduct not proven before a jury; (4) his sentence was substantively unreasonable because it was greater than the sentences of his co-defendants, who all pleaded guilty; and (5) his sentence violated the Eighth Amendment. After careful review, we affirm.

We review de novo whether sufficient evidence supported a jury's guilty verdict, drawing every reasonable inference from the evidence in favor of the verdict. United States v. Beckles, 565 F.3d 832, 840 (11th Cir. 2009). Evidence is sufficient if a reasonable trier of fact could find that it established guilt beyond a reasonable doubt. Id. We review de novo whether a particular guideline enhancement, including the U.S.S.G. § 2B3.1(b) physical restraint enhancement, applies to a set of facts. United States v. Jones, 32 F.3d 1512, 1517-18 (11th Cir. 1994). The sentence a district court imposes is reviewed for "reasonableness," which "merely asks whether

2

the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

First, we reject Lindsey's claim that insufficient evidence supported his convictions. A defendant can be found guilty of bank robbery where he, by force and violence, or by intimidation, takes money from a federally insured bank. 18 U.S.C. § 2113(a). The robbery of a bank teller at gunpoint is an act of force and violence within the meaning of the statute. United States v. Dailey, 846 F.2d 707, 708 (11th Cir. 1988). A defendant who, in committing a bank robbery, puts someone's life in danger by using a dangerous weapon is subject to a twenty-five year maximum sentence. 18 U.S.C. § 2113(d). To prove guilt under a theory of aiding and abetting, the government must show that: (1) someone other than the defendant committed a substantive offense; (2) the defendant committed an act which contributed to and furthered the offense; and (3) the defendant intended to aid in the offense's commission. United States v. Frazier, 605 F.3d 1271, 1279 (11th Cir. 2010).

As the record shows, James Ravenel, one of Lindsey's co-defendants, testified that, on December 14, Lindsey's four co-conspirators were in the bank. He also testified that, at the bank, he had a gun, and that the four men forced employees to move. Pamela Simpson, the head teller, testified that one of the robbers took money out of the drawer. Jennie Moore, the office manager, gave similar testimony. In

3

addition, Ravenel testified that Lindsey gave Remarez Baker, another co-defendant, a handgun to use during the robbery, and Cory Morgan, another co-defendant, testified that it was Lindsey's idea to rob the bank. Therefore, granting every factual inference in favor of the verdict, there was sufficient evidence to support a conclusion that Lindsey aided and abetted the commission of an armed bank robbery. See Frazier, 605 F.3d at 1279.

As for the firearm offense, section 924(c) provides enhanced penalties for "any person who, during and in relation to any crime of violence . . . uses or carries a firearm . . . ." 18 U.S.C. § 924(c)(1)(A). The statute provides an even greater penalty where the firearm was brandished. 18 U.S.C. § 924(c)(1)(A)(ii). Bank robbery in violation of 18 U.S.C. § 2113 is a crime of violence for the purposes of § 924(c). See United States v. Tate, 586 F.3d 936, 947 (11th Cir. 2009). To sustain a § 924(c) conviction under an aiding and abetting theory, mere knowledge of the gun is not enough, and there must be some evidence linking the defendant to the gun. Bazemore v. United States, 138 F.3d 947, 949 (11th Cir. 1998). In other words, "guilt by association" is insufficient to support a § 924(c) conviction. Id.

Having concluded that sufficient evidence supported Lindsey's conviction for armed bank robbery, Lindsey committed a crime of violence as contemplated by 18 U.S.C. § 924(c). See Tate, 586 F.3d at 947. In addition, evidence at trial linked

4

Lindsey to at least one of the firearms used during the robbery. Ravenel testified that he saw Lindsey give Baker a loaded gun. He also testified that Lindsey asked if everyone had their pistols with them the morning of the robbery. Therefore, granting every inference in favor of the verdict, the evidence that Lindsey encouraged the use of a firearm during the bank robbery is sufficient to support his § 924(c) conviction.

We also are unpersuaded by Lindsey's challenges to his sentence. In reviewing sentences for reasonableness, we typically perform two steps. Pugh, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] Thus, even though the Guidelines are no longer mandatory, the district court still must correctly

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

calculate and consider the guideline range in imposing sentence.  United States v. Martinez, 584 F.3d 1022, 1025 (11th Cir. 2009).

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'"  Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51).  This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)."  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011).  We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  See United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011).  The party challenging the

6

sentence bears the burden of establishing unreasonableness. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

As we've noted, the district court is required to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). A proper disparity argument "assumes that apples are being compared to apples." United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009) (quotation omitted). For example, a defendant who proceeded to trial is not similarly situated to co-conspirators who cooperated with the government pursuant to a written plea agreement. Id. at 1102.

Central to the Eighth Amendment is the concept that the punishment must be proportioned to the crime. Graham v. Florida, 130 S. Ct. 2011, 2021 (2010). However, in cases in which a term-of-years (as opposed to a death) sentence is being challenged, the Eighth Amendment only forbids "extreme sentences that are grossly disproportionate to the crime." Id. (quotation omitted). Thus, the Supreme Court has upheld a life-without-parole sentence for possession of a large quantity of cocaine. Id. (citing Harmelin v. Michigan, 501 U.S. 957 (1991)).

As for procedural reasonableness, we find no merit to Lindsey's challenge to the imposition of the physical restraint sentencing enhancement. Indeed, this argument has no bearing on his appeal. Lindsey was sentenced ultimately as a career

offender, which generated a much higher guidelines range of 360 months to life, and he does not challenge that designation on appeal. Therefore, even if Lindsey is correct that he should not have received the enhancement, his guidelines range was calculated correctly nonetheless. See Martinez, 584 F.3d at 1025.

Moreover, because Lindsey did not plainly and prominently raise in his initial brief his argument concerning Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (holding that under the Sixth Amendment, any factor that increases the penalty for a crime beyond the statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proven beyond a reasonable doubt), he has abandoned any Apprendi argument on appeal. See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003). But in any event, the Apprendi rule does not encompass the fact of prior convictions. See United States v. Greer, 440 F.3d 1267, 1272-76 (11th Cir. 2006). Further, Lindsey's sentences were based on his recidivism and, even if they were not, neither one approached the statutory maximum established by the jury's verdict. See United States v. Dudley, 463 F.3d 1221, 1228 (11th Cir. 2006) (holding that where a defendant is sentenced below the statutory maximum for a crime that a jury convicted him of, no Sixth Amendment violation occurs).

As for substantive reasonableness, Lindsey's only argument is that his sentence was disparate as compared to his co-defendants, yet he has failed to demonstrate that

he is similarly situated to any of his co-defendants.  Lindsey proceeded to trial, while each of his co-defendants entered guilty pleas.  See Docampo, 573 F.3d at 1101.  Two of his co-defendants, Ravenel and Morgan, pleaded guilty pursuant to a written plea agreement in which they agreed to cooperate with the government.  Further, Lindsey was sentenced as a career offender.  No evidence in the record suggests that any of his co-defendants were also career offenders.  Lastly, as noted in the PSI, Lindsey played a leadership role in the offense, while none of his co-defendants had an aggravating role.  Accordingly, Lindsey and his co-conspirators were not similarly situated and Lindsey's claim that any sentencing disparities were unwarranted fails.

Finally, Lindsey has abandoned any argument that his sentence violated the Eighth Amendment, because he only briefly raised it as an issue, and presented no argument or authority in support of that claim.  See Jernigan, 341 F.3d at 1283.  But even if it were properly raised, his Eighth Amendment argument is unpersuasive.  Lindsey's 30-year sentence for aiding and abetting an armed bank robbery that involved the brandishing of a firearm is not so grossly disproportionate to his crime to implicate the Eighth Amendment.  See Graham, 130 S. Ct. at 2021.  Further, there is no legal support for Lindsey's suggestion that the disparity between his sentence and those of his co-defendants implicates the Eighth Amendment.

**AFFIRMED.**